IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CV-00875-GCM

| | | |
|---|---|---|
| **HILDA BATES, as Administrator of the Estate of Neman T. Bates,** | ) ) ) ) | |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) ) | |
| **TIPPMANN SPORTS, LLC, and DICKS SPORTING GOODS, INC., and GAYSTON CORPORATION,** | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### **CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY**

AS THE ABOVE-CAPTIONED CIVIL ACTION is currently in discovery, and it appearing that Plaintiff and Defendants, by and through counsel, believe that such discovery shall, or will, involve the production of documents and information of a confidential and proprietary nature, and it appearing that Plaintiffs and Defendants consent to the entry of this Order, the Court hereby ORDERS as follows:

### **DEFINITIONS**

1. The following definitions shall apply to this Consent Protective Order of Confidentiality (hereinafter, the "Order"):

   (a) The term "Confidential Information" as used in this Order shall include all confidential information not generally known outside of the producing party, including personal information of any type or manner or commercially sensitive information, proprietary business information, and/or trade secrets. Confidential Information shall also

include documents that have been, or will be, produced in connection with the above-styled action (during formal discovery or otherwise); information produced by non-parties which the designating party or producing party is under an obligation to maintain in confidence; responses to discovery requests, deposition, hearing or trial transcripts; and/or any tangible things or objects.

(b) The term "designating party" shall mean the party producing or designating information as Confidential Information under this Order.

(c) The term "receiving party" shall mean the party to whom Confidential Information is produced under this Order.

### DESIGNATION OF CONFIDENTIAL INFORMATION

2. Each designating party who produces or discloses Confidential Information shall designate it as such. When documents or things are produced for inspection and production, the documents or things may be designated as "Confidential" or "Confidential: Subject to Protective Order" by so stamping the first page of each such document; in such event, the documents and things shall be treated as Confidential Information.

(a) If Confidential Information is produced or disclosed in electronic format, the designating party shall advise the receiving party that all or part of such electronically stored information ("ESI") includes Confidential Information. If the designating party cannot stamp such ESI as "Confidential" or "Confidential: Subject to Protective Order," the receiving party shall stamp the same when printing the ESI.

3. All parties to the above-styled action recognize that during the course of this litigation, Confidential Information that originated with or which is maintained by a third-party may be produced. Such information may be designated as "Confidential" or

"Confidential: Subject to Protective Order" in accordance with Paragraph 2 and, in such event, shall be subject to the restrictions of this Order. If any Confidential Information is produced by a third-party, such third-party shall be considered a "designating party" within the meaning of this Order and Plaintiff and/or Defendants shall have the right to designate such information as Confidential Information.

4. Testimony about Confidential Information at a deposition, hearing, or trial may be designated as "Confidential" by a statement to that effect on the record at the deposition, hearing, or trial, or within 45 days of receiving the transcript. Unless otherwise designated during the deposition or other pretrial testimony, transcripts shall be treated in their entirety as "Confidential" for 45 days after receipt.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

5. Confidential Information shall be disclosed only to the following persons:

(a) The parties to the above-styled action, and their counsel and all employees of such counsel (*e.g.* paralegals, legal assistants) who assist in the same;

(b) Experts and consultants required to assist counsel for Plaintiff and/or Defendants;

(c) Witnesses and deponents, as well as their counsel, for use in connection with either preparing to testify or testifying in the above-styled action;

(d) Any mediator or arbitrator appointed by the Court or engaged by the Parties;

(e) The Court, including its employees and staff; and

(f) Court reporters and videographers in the above-styled matter.

6. The inadvertent or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim(s) of confidentiality. In the event that any party to the above-styled action discovers that Confidential Information has been inadvertently produced without being marked with the appropriate designation, that party may notify the receiving party or parties and enclose with the notice an appropriately stamped copy of the Confidential Information and require that the latter retrieve and return and/or destroy any and all un-stamped copies of such material. Upon receipt of the notification from the producing party, the receiving party or parties shall not disclose the material to any person who is not specifically permitted to review Confidential Information by the terms of this Order.

## USE AND CONTROL OF CONFIDENTIAL INFORMATION

7. All Confidential Information shall be used by its recipient solely for purposes of this litigation and not for any other purpose whatsoever.

8. Counsel for any party may make copies of the documents and other materials produced for use pursuant to this Order; provided, however, the documents and copies thereof may not be disseminated except as provided in this Order.

9. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers referencing Confidential Information, shall be filed and kept under seal until further order of the Court.

10. No person entitled to use or access Confidential Information pursuant to this Order shall distribute, sell, offer for sale, advertise, or publicize Confidential Information or the fact that such persons have obtained Confidential Information. Nothing in this Paragraph shall prohibit persons from referring to the existence of this Order.

11. Any person or party in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure the confidential nature is maintained.

12. Nothing contained herein shall be construed to require a court reporter to destroy any records in violation of his or her obligation by law and to maintain same for a period of time or violate his or her Code of Professional Ethics and Guidelines for Professional Practice as adopted by the Board of Court Reporting.

**DURATION OF ORDER, OBJECTION, MODIFICATIONS**

13. This Order shall remain in full force and effect until modified, superseded, or terminated by order of the Court; the Order shall continue in effect after termination of the above-captioned action and continue to be binding upon all persons to whom Confidential Information is or has been disclosed. The Court shall retain jurisdiction to determine or resolve any issue arising from the terms of this Order.

14. Upon final termination of the above-captioned action (including all appeals), the designating party may demand that the receiving party destroy all Confidential Information produced by a designating party within thirty (30) days of the demand. The receiving party shall provide a certification of compliance with this section upon request of the designating party.

15. If the receiving party learns that Confidential Information produced to it has been disclosed to or has come into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for such disclosure must immediately inform the designating party of all pertinent facts relating to the disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person.

16. The receiving party may at any time request that the designating party cancel or withdraw the "Confidential" designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting such contention. If the designating party does not agree to remove the "Confidential" designation within seven (7) days of the receiving party's request, then the party contending that such information is not confidential may file a motion to be relieved from the restrictions of this Order with respect to the specific information or documentation which was the subject of the receiving party's request. On motion to be relieved from the restrictions of this Order, the burden of demonstrating that the information is Confidential Information shall be on the party who designated the information as such. Until the Court enters an order changing or removing the "Confidential" designation, the documents or information shall be treated as confidential as provided in this Order.

## NO WAIVER OF PRIVILEGES
## FOR INADVERTENTLY PRODUCED DOCUMENTS

17. The inadvertent production or disclosure of documents or information for which the producing party later asserts a claim of privilege or protection shall not constitute a waiver of any otherwise valid claim of privilege or protection.

18. Upon assertion of a claim of privilege or protection with respect to inadvertently produced documents, the party in receipt of the inadvertently produced documents shall promptly return to the producing party all copies of such documents or promptly deliver the documents to the Court under seal with a motion as provided herein. The party to whom the documents were inadvertently produced may challenge the producing

party's assertion of privilege or protection by filing a motion to compel or other appropriate discovery motion with the Court. Prior to a determination of the validity of the claim of privilege or protection by the Court, the information for which the claim is asserted shall not be disseminated or published in any way, nor shall it be used for any purpose in the litigation other than to determine the validity of the claim of privilege or protection. Failure to assert a privilege or protection as to an inadvertently produced document or communication shall not be deemed to constitute a waiver of the privilege or protection as to any other document or communication allegedly so protected, including other documents involving the same subject matter.

19. A party who discovers that it has received obviously privileged or protected documents produced by another party shall (i) assume that the documents were inadvertently produced; (ii) refrain from further examining the materials (iii) notify counsel for the designating party; and (iv) comply with the instructions of counsel for the designating party with respect to the return, destruction, or other disposal of the documents. The term "obviously privileged" as used herein is not intended to impose an obligation on any party to discover that a document is or may be privileged.

## OTHER REMEDIES

20. Nothing contained in this Order shall prevent any party or non-party from seeking additional relief from the Court.

21. Any violation of this Order concerning confidentiality, by the unauthorized production or disclosure of Confidential Information, may subject the violating party to sanctions including, but not limited to, attorney's fees and costs, and may subject the violating party, individual or entity to sanctions for contempt of court.

22. The ultimate disposition of protective materials shall be subject to a final order of the Court upon completion of the litigation.

SO ORDERED.

Signed: July 20, 2017

*[signature]*

Graham C. Mullen
United States District Judge

## First Party Signature Page for
## Consent Protective Order of Confidentiality

**STIPULATED AND CONSENTED TO BY:**

/s/ Pearlynn G. Houck
Martin L. Brackett, Jr.
N.C. Bar No. 446
mbrackett@robinsonbradshaw.com
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000

*Attorneys for Plaintiff*

**Second Party Signature Page for
Consent Protective Order of Confidentiality**

**STIPULATED AND CONSENTED TO BY:**

/s/ Jonathan R. Friedman
Jonathan R. Friedman
Admitted *pro hac vice*
jfriedman@wwhgd.com
Joseph J. Minock
Admitted *pro hac vice*
jminock@wwhgd.com
Shawn D. Scott
N.C. Bar No. 23463
sscott@wwhgd.com

**Weinberg Wheeler Hudgins Gunn & Dial, LLC**
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone:   404.876.2700
Facsimile:    404.875.9433

*Attorneys for Defendant Tippmann Sports, LLC*

**Third Party Signature Page for
Consent Protective Order of Confidentiality**

**STIPULATED AND CONSENTED TO BY:**

/s/ Mel Joseph Garofalo
Mel Joseph Garofalo
N.C. State Bar No. 8279
mgarofalo@hendrickgardner.com

**Hedrick Gardner Kincheloe & Garofalo, LLP**
PO Box 30397
Charlotte, NC 28230
Telephone: 704.366.1101
Facsimile: 704.366.6181

*Attorneys for Defendant Dick's Sporting Goods, Inc.*

**Fourth Party Signature Page for
Consent Protective Order of Confidentiality**

**STIPULATED AND CONSENTED TO BY:**

/s/ Marc J. Meister
Marc J. Meister
N.C. Bar No. 43060
marc@meisterlegal.com

**Marc J. Meister, LLC**
14 Myrtle Bank Road
Hilton Head Island, SC 29926
Telephone:      843.715.3346
Facsimile:      843.802.4799

*Attorneys for Defendant Gayston Corp.*

**Fifth Party Signature Page for
Consent Protective Order of Confidentiality**

**STIPULATED AND CONSENTED TO BY:**

 */s/ Jeffrey Kuykendal*
Jeffrey Kuykendal
N.C. Bar No. 37693
jeffrey.kuykendal@mgclaw.com

**McAngus Goudelock & Courie LLC**
6302 Fairview Road, Suite 700
Charlotte, NC 28210
Telephone:     704.405.4575
Facsimile:     704.643.2376

*Attorneys for Third-Party Defendant BXD, Enterprises, Inc.*

# **CERTIFICATE OF SERVICE**

This is to certify that on July 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

>Robinson, Bradshaw & Hinson, P.A.
>Martin L. Brackett, Jr.
>Pearlynn G. Houck
>101 North Tryon Street, Suite 1900
>Charlotte, NC 28246
>mbrackett@robinsonbradshaw.com
>phouck@robinsonbradshaw.com
>*Attorneys for Plaintiff*
>
>Hedrick Gardner Kincheloe & Garofalo LLP
>Mel J. Garofalo
>6000 Fairview Road
>Suite 1000
>Charlotte, NC 28210
>mgarofalo@hedrickgardner.com
>*Attorney for Defendant Dick's Sporting Goods, Inc.*
>
>Marc J. Meister, LLC
>Marc J. Meister
>14 Myrtle Bank Road
>Hilton Head Island, SC 29926
>marc@meisterlegal.com
>*Attorneys for Defendant Gayston Corp.*

The following party will be served via U.S. Mail:

BXD, Enterprises, Inc.
c/o Jeffrey Kuykendal
6302 Fairview Road, Suite 700
Charlotte, NC 28210
*Third-Party Defendant*

>  */s/ Jonathan R. Friedman*
> Jonathan R. Friedman

14
Case 3:16-cv-00875-GCM   Document 39   Filed 07/20/17   Page 14 of 14