# EXHIBIT 2
# Deposition of Harri Kytomaa

# In the Matter Of:

HILDA BATES v. TIPPMANN SPORTS, LLC., et al.

## VIDEOTAPED DEPOSITION OF

## HARRI KYTOMAA

*June 19, 2018*



DISCOVERY LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations

1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
404.847.0999

```
 1   Q.   With respect to the 12-ounce bottle, am I
 2        correct in understanding that your opinion is
 3        that it was last filled by either Mr. Bates or
 4        Dick's Sporting Goods on January 6, correct?
 5   A.   That's right.
 6   Q.   Do you think that it is likely if Dick Sporting
 7        Goods filled those bottles, the 9-ounce can and
 8        the 12-ounce can on January 6 that they would
 9        both burst or rupture within 24 hours of each
10        other or four weeks later, or is it more likely
11        that Mr. Bates filled them the night before and
12        they burst within 24 hours of him filling them?
13   A.   I don't know.
14   Q.   Why don't you know?
15   A.   I think there's too many variables to be able
16        to answer that question.
17   Q.   Have you undertaken to try to find that answer
18        out?
19   A.   I have not.
20   Q.   Regardless of who last filled it, do you agree
21        or is it your opinion, to a reasonable degree of
22        engineering certainty, that whoever filled it
23        last overfilled it?
24   A.   When you say "it" what do you mean?
25   Q.   The 9-ounce canister.
```



1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
404.847.0999
www.DiscoveryLit.com
Case 3:16-cv-00875-GCM   Document 71-2   Filed 10/30/18   Page 3 of 5

```
 1              I have not tried to make that determination,
 2      but I would say that certainly easy to overfill
 3      by accident and while trying to do what the
 4      filler thinks is the right thing.
 5   Q. Have you reached an opinion as to whether if
 6      Mr. Bates is the one that overfilled the
 7      canister if he did it intentionally?
 8   A. You're asking me hypothetical.  I've already
 9      given you my opinions, and I have not tried to
10      answer that question before.  I guess I don't
11      have an opinion on that.
12   Q. Is it your opinion, to a reasonable degree of
13      engineering certainty, that the overfilled
14      9-ounce canister was a approximate cause of
15      the rupture of the canister itself?
16              MS. HOUCK:  Objection to the extent
17         it calls for a legal conclusion.
18   A. The cause of the failure of the canister is
19      the defective PRD.  Had the PRD had not been
20      defective, this would have never happened.
21         In addition -- so essentially what happened
22      here is that there was a combination of both
23      overfilled as well as defective PRD, and that
24      caused the event.
25         If the canister had been overfilled as it
```

DISCOVERY LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage
1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
404.847.0999
www.DiscoveryLit.com

Case 3:16-cv-00875-GCM   Document 71-2   Filed 10/30/18   Page 4 of 5

```
 1         was with a properly working PRD, this would have
 2         never happened.  And conversely, if the canister
 3         had not been overfilled and the PRD was as it
 4         was defective, this also would not have happened.
 5         So it required both to be in place.
 6   Q.    Let me make sure I understand your answer.
 7              Assuming the PRD is, in your opinion,
 8         defective, if whomever filled the 9-ounce tank
 9         had not overfilled it, you agree there would not
10         have been a ruptured event; is that correct?
11   A.    Yes.
12   Q.    I assume it's your opinion that the rupture
13         event is what caused Mr. Bates' death?
14   A.    The rupture of the canister, yes.  Let me be
15         clear on that.
16              That's what the record indicates.  I've not
17         tried to independently determine either anything
18         associated with the medical record or anything
19         that would suggest in dispute the fact that the
20         canister ruptured.  Those are the facts in the
21         case.  I accept those as they are.
22   Q.    As you sit here today, it's fair to say that if
23         this 9-ounce canister had not been overfilled,
24         Mr. Bates would not have died in the manner he
25         did; is that correct?
```

DISCOVERY LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations
Nationwide Coverage
1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
404.847.0999
www.DiscoveryLit.com
Case 3:16-cv-00875-GCM  Document 71-2  Filed 10/30/18  Page 5 of 5